# SEALED

**Office of the United States Attorney**
District of Nevada
333 Las Vegas Blvd., South, Ste. 5000
Las Vegas, Nevada 89101
(702) 388-6336

DANIEL G. BOGDEN
United States Attorney
District of Nevada
JOSH BURKE
Trial Attorney
Consumer Protection Branch
CRANE M. POMERANTZ
Assistant United States Attorney
333 Las Vegas Boulevard South
Suite 5000
Las Vegas, Nevada  89101
702-388-6336

FILED _____    RECEIVED _____
ENTERED _____    SERVED ON _____
COUNSEL/PARTIES OF RECORD

MAR - 9 2016

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

UNITED STATES OF AMERICA,

Plaintiff,

vs.

GARETH DAVID LONG,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**SEALED CRIMINAL INDICTMENT**

Case No.: 2:16-cr- _71_

**VIOLATIONS:**

18 U.S.C. § 1343
18 U.S.C. § 1028A
18 U.S.C. § 1957

At times material to this Indictment:

### INTRODUCTORY ALLEGATIONS

1.       Defendant GARETH DAVID LONG was a citizen of the United Kingdom residing in Cedar Hill, Texas.  Defendant GARETH DAVID LONG owned and operated V Internet Corp, LLC ("V Internet"), a Nevada corporation with offices in Las Vegas, Nevada, and Cedar Hill, Texas.  Defendant GARETH DAVID LONG also incorporated and controlled the Nevada corporation Pro Check, LLC.

2.      V Internet was a third-party payment processor, which is an intermediary between banks and merchants.   V Internet opened bank accounts in its own name and used these accounts to conduct banking activities on behalf of its merchant-clients.   At least as early as 2009, V Internet operated under the name Altcharge.   At least as early as December 2011, V Internet also operated under the name Check Process.

3.      From December 2011 through July 2013, V Internet conducted business using bank accounts at CommerceWest Bank in Irvine, California.

4.      V Internet specialized in a payment mechanism called a remotely-created check ("RCC").   An RCC was a check created not by the checking account holder but rather by a third party using the account holder's name, address, and bank account information.   Unlike an ordinary check, an RCC was not signed by the account holder.   In place of the account holder's signature, an RCC contained a statement claiming that the account holder had authorized the check.

5.      An RCC could be deposited into the account of the payee and processed through the banking system in the same manner as an ordinary check.

6.      From April 2012 until July 2012, V Internet created and deposited RCCs for a telemarketing company (Company A).   In or around late July 2012, CommerceWest Bank refused to allow V Internet to deposit any more RCCs on behalf of Company A due to concerns that Company A was engaged in telemarketing fraud targeting the elderly.

7.      From in or about April 2012 through in or about December 2012, V Internet created and deposited RCCs for a company that purported to assist consumers with finding a payday loan from an online lender (Company B).   V Internet processed hundreds of

thousands of $30 RCCs on behalf of Company B through V Internet's accounts at

CommerceWest Bank.  In or about late December 2012, V Internet stopped processing RCCs

for Company B.

8.     Because V Internet created and deposited RCCs for Company A and Company

B, V Internet possessed the personal and financial information of each account holder

charged by Company A and Company B, including names, addresses, bank account

numbers, and bank routing numbers necessary to create RCCs drawn on those accounts.

9.     Many transactions V Internet processed for Company A and B were

returned.  An RCC "return" refers to a transaction that was refused or reversed by the

account holder's bank because the check was drawn upon: (i) a bank account that was

nonexistent, closed, or contained insufficient funds; and/or (ii) a bank account of an

individual who had not agreed to purchase any product or service and did not authorize a

withdrawal from his or her account and alerted his or her bank in time to reverse the

transaction (usually within 30-60 days) thereby effectuating a return of the money to the

account.

**COUNTS 1-15**
**WIRE FRAUD**
**18 U.S.C. § 1343**

10.     The Introductory Allegations of this Indictment are realleged and

incorporated by reference as though fully set forth herein.

11.     Beginning in or about January 2013 and continuing through at least July

2013, in the District of Nevada and elsewhere, the defendant,

**GARETH DAVID LONG**

did knowingly, and with intent to defraud, devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing such scheme and artifice and attempting to do so, did knowingly transmit and cause to be transmitted in interstate commerce by means of wire communications, certain writings, signs, and signals.

### Object of the Scheme to Defraud

12.     The object of the scheme was, under the fraudulent pretext of providing assistance to consumers in securing a payday loan, to defraud account holders and financial institutions by debiting and attempting to debit millions of dollars from hundreds of thousands of bank accounts of unwitting account holders throughout the United States who did not authorize debits of their accounts.

### The Scheme to Defraud

13.     In or around late December 2012, GARETH DAVID LONG created the façade that he was operating a merchant business that offered assistance to consumers in finding payday loans.

14.     In January 2013, Defendant GARETH DAVID LONG registered the website www.fastloanfast.com.  In February 2013, defendant GARETH DAVID LONG registered the website www.loan4utoday.com.  In April 2013, defendant GARETH DAVID LONG registered the website www.fastloan4me.com.

15.     Other than the different names, these three websites were largely identical. The websites purported to allow consumers to apply for a payday loan and match applicants with lenders.

16.     From on or about January 8, 2013 through on or about July 12, 2013, defendant GARETH DAVID LONG, through his company, V Internet, created and deposited thousands of $30 RCCs nearly every business day. These RCCs withdrew money from victims' bank accounts.

17.     But, these RCC's were not generated by visits to these websites. Rather, defendant GARETH DAVID LONG charged the accounts of hundreds of thousands of individuals who had never visited these websites or authorized a charge by defendant GARETH DAVID LONG's company.

### How LONG Obtained Victims' Account Information

18.     Defendant GARETH DAVID LONG learned of many of these account holders from "lead lists." From January 2013 through July 2013, using the company name Pro Check LLC, defendant GARETH DAVID LONG purchased lead lists, which were electronic files that each contained detailed personal and financial information of thousands of bank account holders. Defendant GARETH DAVID LONG paid approximately $0.25 to $0.35 per account holder for these lead lists.

19.     Defendant GARETH DAVID LONG created and deposited hundreds of thousands of $30 RCCs using the personal and financial information contained on these lead lists.

20.     In addition to the RCCs created from the lead lists, defendant GARETH DAVID LONG created and deposited hundreds of thousands of $30 RCCs drawn on the bank accounts of account holders who had previously been charged by V Internet's prior merchants, Company A and Company B.

### Additional, Repeat Charges Against Victims' Accounts

21.     Defendant GARETH DAVID LONG created and deposited multiple, additional $30 RCCs drawn on the accounts of hundreds of thousands of his unwitting victims, whether he knew the account holders' information by way of lead lists or by way of Companies A and B.  For tens of thousands of these account holders, defendant GARETH DAVID LONG created and deposited four or more RCCs drawn on each account.

22.     V Internet's RCCs contained false statements that allowed the RCCs to be processed through the banking system.  Despite the fact that hundreds of thousands of account holders had not authorized a payment to defendant GARETH DAVID LONG's company, V Internet's RCCs contained the following statement, "NO SIGNATURE REQUIRED.  This payment has been authorized by your depositor," followed by the account holder's typed name.  Account holders' banks relied on this statement to accept the RCCs as valid withdrawals from their customers' accounts.

23.     V Internet's RCCs were made payable to one of four entities or websites associated with defendant GARETH DAVID LONG.  Numerous RCCs were made payable to defendant GARETH DAVID LONG's payment processing entity, Check

Process.  Numerous RCCs were made payable to the name of one of defendant GARETH DAVID LONG's three websites:  FastLoanFast, Loan4uToday, and FastLoan4me.

24.     From January through July 2013, defendant GARETH DAVID LONG created and deposited more than 750,000 RCCs, totaling more than $22 million. Approximately 50% of the RCCs created and deposited by V Internet were returned by account holders' banks.  Many RCCs were returned because the account holder saw the debit and realized that an unauthorized charge was being imposed on his or her account. Other RCCs were returned because they were drawn on accounts that were nonexistent, closed or did not contain sufficient funds to cover the debit.  Many victims, however, did not notice the charge and therefore did not dispute it.

25.     Defendant GARETH DAVID LONG operated a call center in Cedar Hill, Texas.  Call center employees received calls from account holders who had been charged one or more times.  Defendant GARETH DAVID LONG provided instructions to call center employees on how to respond to complaints.  Among other instructions, defendant GARETH DAVID LONG instructed call center employees to falsely tell account holders that they must have applied for a payday loan and authorized the $30 fee; otherwise, V Internet would not have their information.

26.     When account holders called and complained about the charges on their accounts, at times V Internet employees promised to refund account holders' money. Defendant GARETH DAVID LONG had authority over whether an account holder would receive a refund.  V Internet rarely refunded account holders' money, even after V Internet employees had promised such a refund.

**Executions of the Scheme**

27.     On or about the dates specified as to each Count below, the defendant,

**GARETH DAVID LONG**

for the purpose of executing and in furtherance of the aforesaid scheme and artifice to

defraud and to obtain money and property by means of materially false and fraudulent

pretenses, representations, and promises, did knowingly transmit and cause to be

transmitted in interstate commerce by means of wire communications, certain writings,

signs, and signals, as specified in each count below:

| COUNT | APPROXIMATE DATE OF WIRE | WIRE |
|---|---|---|
| 1 | January 25, 2013 | Interstate transfer of a file containing thousands of $30 RCCs, including a $30 RCC drawn on the account of V.M., transmitted from V Internet's server in Las Vegas, Nevada |
| 2 | February 4, 2013 | Interstate transfer of a file containing thousands of $30 RCCs, transmitted from V Internet's server in Las Vegas, Nevada |
| 3 | February 5, 2013 | Interstate transfer of a file containing thousands of $30 RCCs, transmitted from V Internet's server in Las Vegas, Nevada |
| 4 | February 6, 2013 | Interstate transfer of a file containing thousands of $30 RCCs, transmitted from V Internet's server in Las Vegas, Nevada |
| 5 | February 7, 2013 | Interstate transfer of a file containing thousands of $30 RCCs, transmitted from V Internet's server in Las Vegas, Nevada |
| 6 | February 8, 2013 | Interstate transfer of a file containing thousands of $30 RCCs, transmitted from V Internet's server in Las Vegas, Nevada |
| 7 | February 12, 2013 | Interstate transfer of a file containing thousands of $30 RCCs, including a $30 RCC drawn on the account of J.M., transmitted from V Internet's server in Las Vegas, Nevada |
| 8 | February 15, 2013 | Interstate transfer of a file containing thousands of $30 RCCs, including a $30 RCC drawn on the |

| | | account of C.K., transmitted from V Internet's server in Las Vegas, Nevada |
|---|---|---|
| 9 | March 5, 2013 | Interstate transfer of a file containing thousands of $30 RCCs, including a $30 RCC drawn on the account of F.N., transmitted from V Internet's server in Las Vegas, Nevada |
| 10 | March 12, 2013 | Interstate transfer of a file containing thousands of $30 RCCs, including a $30 RCC drawn on the account of T.W., transmitted from V Internet's server in Las Vegas, Nevada |
| 11 | March 18, 2013 | File containing thousands of $30 RCCs, including $30 RCCs drawn on the accounts of M.V., M.D., M.W., and C.P., transmitted from V Internet's server in Las Vegas, Nevada |
| 12 | March 19, 2013 | Interstate transfer of a file containing thousands of $30 RCCs, including a $30 RCC drawn on the account of M.D., transmitted from V Internet's server in Las Vegas, Nevada |
| 13 | March 20, 2013 | Interstate transfer of a file containing thousands of $30 RCCs, including $30 RCCs drawn on the accounts of L.M. and H.H., transmitted from V Internet's server in Las Vegas, Nevada |
| 14 | March 21, 2013 | Interstate transfer of a file containing thousands of $30 RCCs, including a $30 RCC drawn on the account of L.G., transmitted from V Internet's server in Las Vegas, Nevada |
| 15 | March 29, 2013 | Interstate transfer of a file containing thousands of $30 RCCs, including a $30 RCC drawn on the account of J.M., transmitted from V Internet's server in Las Vegas, Nevada |

All in violation of 18 U.S.C. § 1343.

## COUNTS 16-29
## AGGRAVATED IDENTITY THEFT
## 18 U.S.C. § 1028A(a)(1)

28.     Paragraphs 1-27 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

29.     On or about the following dates, in the District of Nevada, and elsewhere, the defendant,

**GARETH DAVID LONG**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person; namely, the bank account number, routing number, name, and address of the individuals identified below, during and in relation to a felony violation of a provision contained in chapter 63, United States Code, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, charged in Counts One through 15 of this Indictment:

| COUNT | APPROXIMATE DATE OF WIRE FRAUD OFFENSE | ACCOUNT INFORMATION |
|---|---|---|
| 16 | January 25, 2013 | RCC containing the name and address of V.M., account number and bank routing number for V.M.'s account at New Generation Federal Credit Union |
| 17 | February 12, 2013 | RCC containing the name and address of J.M., account number and bank routing number for J.M.'s account at Chase Bank |
| 18 | February 15, 2013 | RCC containing name and address of C.K., account number and bank routing number for C.K.'s account at Chase Bank |
| 19 | March 5, 2013 | RCC containing name and address of F.N., account number and bank routing number for F.N.'s account at First U.S. Community Credit Union |
| 20 | March 12, 2013 | RCC containing name and address of T.W., account number and bank routing number for T.W.'s account at USAA |
| 21 | March 18, 2013 | RCC containing name and address of M.V., account number and bank routing number for M.V.'s account at TD Bank |
| 22 | March 18, 2013 | RCC containing name and address of M.D., account number and bank routing number for M.D.'s account at Sovereign Bank |

| 23 | March 18, 2013 | RCC containing name and address of M.W., account number and bank routing number for M.W.'s account at Woodforest National Bank |
|----|----------------|------|
| 24 | March 18, 2013 | RCC containing name and address of C.P., account number and bank routing number for C.P.'s account at Palm Beach County Credit Union |
| 25 | March 19, 2013 | RCC containing name and address of M.D., account number and bank routing number for M.D.'s account at USAA |
| 26 | March 20, 2013 | RCC containing name and address of L.M., account number and bank routing number for L.M.'s account at Roma Savings and Loan |
| 27 | March 20, 2013 | RCC containing name and address of H.H., account number and bank routing number for H.H.'s account at Liberty Bank |
| 28 | March 21, 2013 | RCC containing name and address of L.G., account number and bank routing number for L.G.'s account at One Nevada Credit Union |
| 29 | March 29, 2013 | RCC containing the name and address of J.M., account number and bank routing number for J.M.'s account at Chase Bank |

All in violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

## COUNTS 30-39
## MONEY LAUNDERING
## 18 U.S.C. § 1957(a)

30.     Paragraphs 1-29 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

31.     On or about the following dates, in the District of Nevada, and elsewhere, the defendant,

## GARETH DAVID LONG

knowingly engaged in the below-listed monetary transactions, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that

11

is, transfers of funds in the amounts listed below, on the dates set forth below, with such

funds having been derived from a specified unlawful activity, that is, the wire fraud

scheme charged in Counts 1 through 15.

| COUNT | APPROXIMATE DATE | MONETARY TRANSACTION |
|---|---|---|
| 30 | April 19, 2013 | $175,000 wire transfer from V Internet's CommerceWest Bank account ending in *7649 to R.T.'s bank account at Compass Bank |
| 31 | April 19, 2013 | $40,000 wire transfer from V Internet's CommerceWest Bank account ending in *7649 to R.T.'s bank account at Compass Bank |
| 32 | May 9, 2013 | $250,000 wire transfer from V Internet's CommerceWest Bank account ending in *7698 to K.F.'s bank account at Bank of Desoto |
| 33 | May 10, 2013 | $12,919.49 wire transfer from V Internet's CommerceWest Bank account ending in *7649 to L.S.A.'s bank account at Wells Fargo |
| 34 | May 10, 2013 | $12,510 wire transfer from V Internet's CommerceWest Bank account ending in *7649 to L.S.A.'s bank account at Wells Fargo |
| 35 | May 16, 2013 | $200,000 wire transfer from V Internet's CommerceWest Bank account ending *7649 to W.W.'s bank account at Bank of America |
| 36 | May 17, 2013 | $17,825 wire transfer from V Internet's CommerceWest Bank account ending in *7649 to L.S.A.'s bank account at Wells Fargo |
| 37 | May 17, 2013 | $46,000 wire transfer from V Internet's CommerceWest Bank account ending in *7649 to H.D.'s bank account at PlainsCapital Bank |
| 38 | June 28, 2013 | $11,648.20 wire transfer from V Internet's CommerceWest Bank account ending in *7649 to L.S.A.'s bank account at Wells Fargo |
| 39 | July 1, 2013 | $15,901 wire transfer from V Internet's CommerceWest Bank account ending in *7649 to L.S.A.'s bank account at Wells Fargo |

All in violation of 18 U.S.C. §§ 1957(a) and 2.

## FORFEITURE ALLEGATION ONE
### (Wire Fraud)

1.    The allegations contained in Counts One through Fifteen of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c).

2.    Upon conviction of any of the felony offenses charged in Counts One through Fifteen of this Indictment,

### GARETH DAVID LONG

defendant herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1343, a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, an in personam criminal forfeiture money judgment including, but not limited to, at least $11,300,000 in United States Currency, including:

a.    $210.32 in United States Currency;

b.    $938.01 in United States Currency;

c.    $60 in United States Currency;

d.    $1,081.33 in United States Currency;

e.    $10,225.46 in United States Currency;

f.    $788,593.43 in United States Currency;

g.    $2,112,673.65 in United States Currency;

h.    REAL PROPERTY LOCATED AT 1350 STONEY CREEK DRIVE, CEDAR HILL, DALLAS COUNTY, TEXAS 75104; and

MORE PARTICULARLY DESCRIBED AS ALL THAT REAL PROPERTY SITUATED IN THE COUNTY OF DALLAS, STATE OF TEXAS: BEING A 10.00 ACRE TRACT OF LAND SITUATED IN THE U. MATTHUSEN 106.50 ACRE SURVEY, ABSTRACT NO. 1046, THE WILLIAM NEWBY 198 ACRE SURVEY,

ABSTRACT NO. 1085, THE WILLIAM C. BILLINGSLEY 60 ACRE SURVEY, ABSTRACT NO. 136, AND THE WILLIAM MASTERS 160 ACRE SURVEY, ABSTRACT NO. 899, DALLAS COUNTY, TEXAS, BEING ALL THAT CERTAIN TRACT OF LAND DESCRIBED IN DEED AS TRACT ONE TO KELLI FREEMAN, AS RECORDED IN INSTRUMENT NO. 200503550084, DEED RECORDS OF DALLAS, COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS BEGINNING AT A FOUND 1/2-INCH IRON ROD AT THE COMMON NORTH CORNER OF SAID TRACT ONE AND THAT CERTAIN TRACT OF LAND DESCRIBED IN DEED TO DAVID WILLIS AND BARBARA WILLIS, AS RECORDED IN VOLUME 96021, PAGE 2189, SAID DEED RECORDS, SAID IRON ROD BEING ON THE SOUTH LINE OF STONEY CREEK ESTATES, AN ADDITION TO DALLAS COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 83241, PAGE 3281, MAP RECORDS, DALLAS COUNTY, TEXAS; THENCE SOUTH 05 DEGREES 16 MINUTES 35 SECONDS WEST, A DISTANCE OF 104.25 FEET ALONG THE COMMON LINE OF SAID TRACT ONE AND SAID WILLIS TRACT TO A FOUND 1/2-INCH IRON ROD; THENCE SOUTH 22 DEGREES 59 MINUTES 58 SECONDS EAST, A DISTANCE OF 376.97 FEET ALONG SAID COMMON LINE TO A POINT FROM WHICH A FOUND 1/2-INCH IRON ROD BEARS SOUTH 68 DEGREES 43 MINUTES 21 SECONDS WEST; A DISTANCE OF 0.37 OF ONE FOOT; THENCE SOUTH 00 DEGREES 33 MINUTES 45 SECONDS WEST, A DISTANCE OF 1,073.27 FEET ALONG SAID COMMON LINE TO A FOUND 1/2-INCH IRON ROD AT THE COMMON, EAST CORNER OF AFORESAID TRACT ONE AND THAT CERTAIN TRACT OF LAND DESCRIBED IN AFORESAID FREEMAN DEED AS TRACT TWO; THENCE NORTH 52 DEGREES 04 MINUTES 37 SECONDS WEST, A DISTANCE OF 935.05 FEET ALONG THE COMMON LINE OF SAID TRACTS ONE AND TWO TO A FOUND 1/2-INCH IRON ROD AT THE COMMON WEST CORNER OF SAID TRACTS, SAID IRON ROD BEING ON THE SOUTHEAST LINE OF THAT CERTAIN TRACT OF LAND DESCRIBED IN DEED AS TRACT I TO DAVID HOELSCHER AND WIFE, SUZANNE HOELSCHER, AS RECORDED IN INSTRUMENT NO. 201000321376, AFORESAID DEED RECORDS; THENCE NORTH 45 DEGREES 33 MINUTES 45 SECONDS EAST, A DISTANCE OF 472.27 FEET ALONG THE COMMON LINE OF SAID TRACTS ONE AND 1 TO A POINT FROM WHICH A FOUND 1/2-INCH IRON ROD BEARS NORTH 69 DEGREES 41 MINUTES 21 SECONDS WEST, A DISTANCE OF 0.52 OF

ONE FOOT; THENCE SOUTH 89 DEGREES 29 MINUTES 56 SECONDS EAST, A DISTANCE OF 359.26 FEET ALONG SAID COMMON LINE TO A FOUND 1/2-INCH IRON ROD; THENCE NORTH 00 DEGREES 33 MINUTES 45 SECONDS EAST, A DISTANCE OF 161.09 FEET ALONG SAID COMMON LINE TO A FOUND 1/2-INCH IRON ROD; THENCE NORTH 22 DEGREES 59 MINUTES 58 SECONDS WEST, A DISTANCE OF 379.14 FEET ALONG SAID COMMON LINE TO A FOUND 1/2-INCH IRON ROD; THENCE NORTH 05 DEGREES 16 MINUTES 35 SECONDS EAST, A DISTANCE OF 95.75 FEET ALONG SAID COMMON LINE TO A FOUND 1/2-INCH IRON ROD AT THE COMMON NORTH CORNER OF AFORESAID TRACTS ONE AND 1, SAID IRON ROD BEING ON THE AFORESAID SOUTH LINE OF STONEY CREEK ESTATES; THENCE NORTH 72 DEGREES 24 MINUTES 01 SECONDS EAST, A DISTANCE OF 54.27 FEET ALONG THE COMMON LINE OF SAID TRACT ONE AND SAID STONEY CREEK ESTATES TO THE POINT OF BEGINNING AND CONTAINING 435,593 SQUARE FEET OR 10.00 ACRES OF LAND TOGETHER WITH ANY AND ALL IMPROVEMENTS AND

APPURTENANCES THEREON, ASSESSOR'S PARCEL NUMBER 65013606010010400.

i.  REAL PROPERTY LOCATED AT 1204 SOUTH CLARK ROAD, CEDAR HILL, DALLAS COUNTY, TEXAS 75104;

MORE PARTICULARLY DESCRIBED AS ALL THAT REAL PROPERTY SITUATED IN THE COUNTY OF DALLAS, STATE OF TEXAS: BEING A 13.27 ACRE TRACT OF LAND SITUATED IN THE WILLIAM C. BILLINGSLEY 160 ACRE SURVEY, ABSTRACT NO. 136, AND THE WILLIAM MASTERS 160 ACRE SURVEY, ABSTRACT NO. 899, DALLAS COUNTY, TEXAS, BEING ALL THAT CERTAIN TRACT OF LAND DESCRIBED IN DEED AS TRACT TWO TO KELLI FREEMAN, AS RECORDED IN INSTRUMENT NO. 200503550084, DEED RECORDS OF DALLAS COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS: BEGINNING AT A FOUND 1/2-INCH IRON ROD AT THE COMMON EAST CORNER OF SAID TRACT TWO AND THAT CERTAIN TRACT OF LAND DESCRIBED AS TRACT ONE IN SAID FREEMAN DEED, SAID IRON ROD BEING ON THE WEST LINE OF THAT CERTAIN TRACT OF LAND DESCRIBED IN DEED TO DAVID WILLIS AND BARBARA WILLIS, AS RECORDED IN VOLUME 96021, PAGE 2189, SAID DEED RECORDS; THENCE SOUTH 00 DEGREES 33 MINUTES 45 SECONDS WEST, A DISTANCE OF 400.00 FEET ALONG THE COMMON LINE OF SAID TRACT TWO AND SAID WILLIS TRACT TO A FOUND 1/2-INCH IRON ROD; THENCE SOUTH 45 DEGREES 33 MINUTES 45 SECONDS WEST, PASSING A FOUND 1/2-INCH IRON ROD

AT A DISTANCE OF 629.94 FEET AND CONTINUING A TOTAL DISTANCE OF 731.92 FEET ALONG SAID COMMON LINE TO THE COMMON SOUTH CORNER OF SAID TRACT TWO AND THAT CERTAIN TRACT OF LAND DESCRIBED IN DEED TO TERRY M. CAMPA, SR., AS RECORDED IN INSTRUMENT NO. 200503584402, AFORESAID DEED RECORDS; THENCE NORTH 67 DEGREES 19 MINUTES 24 SECONDS WEST, A DISTANCE OF 50.48 FEET ALONG THE COMMON LINE OF SAID TRACT TWO AND SAID CAMPA TRACT; THENCE NORTH 41 DEGREES 07 MINUTES 33 SECONDS EAST, A DISTANCE OF 49.34 FEET ALONG SAID COMMON LINE; THENCE NORTH 04 DEGREES 40 MINUTES 26 SECONDS EAST, A DISTANCE OF 77.45 FEET ALONG SAID COMMON LINE; THENCE SOUTH 76 DEGREES 30 MINUTES 09 SECONDS EAST, A DISTANCE OF 96.76 FEET ALONG SAID COMMON LINE; THENCE NORTH 25 DEGREES 33 MINUTES 58 SECONDS EAST, A DISTANCE OF 87.97 FEET ALONG SAID COMMON LINE; THENCE NORTH 48 DEGREES 12 MINUTES 32 SECONDS EAST, A DISTANCE OF 217.53 FEET ALONG SAID COMMON LINE; THENCE NORTH 07 DEGREES 31 MINUTES 18 SECONDS EAST, A DISTANCE OF 71.74 FEET ALONG SAID COMMON LINE; THENCE NORTH 45 DEGREES 17 MINUTES 42 SECONDS WEST, A DISTANCE OF 47.91 FEET ALONG SAID COMMON LINE TO A POINT FROM WHICH A FOUND 1/2-INCH IRON ROD BEARS NORTH 58 DEGREES 41 MINUTES 01 SECONDS EAST, A DISTANCE OF 0.54 OF ONE FOOT; THENCE NORTH 33 DEGREES 16 MINUTES 05 SECONDS WEST, A DISTANCE OF 313.56 FEET ALONG SAID COMMON LINE TO A POINT FROM WHICH A FENCE CORNER BEARS SOUTH 28 DEGREES 20 MINUTES EAST - 0.8 OF ONE FOOT; THENCE NORTH 72 DEGREES 09 MINUTES 03 SECONDS WEST, A DISTANCE OF 142.93 FEET ALONG SAID COMMON LINE TO A POINT FROM WHICH A FOUND RAILROAD SPIKE BEARS NORTH 57 DEGREES 04 MINUTES 03

SECONDS EAST, A DISTANCE OF 0.52 OF ONE FOOT; THENCE NORTH 59 DEGREES 08 MINUTES 16 SECONDS WEST, A DISTANCE OF 131.42 FEET ALONG SAID COMMON LINE TO A POINT FROM WHICH A FOUND 1/2-INCH IRON ROD BEARS NORTH 84 DEGREES 58 MINUTES 20 SECONDS EAST, A DISTANCE OF 0.44 OF ONE FOOT; THENCE NORTH 34 DEGREES 44 MINUTES 43 SECONDS WEST, A DISTANCE OF 66.00 FEET ALONG SAID COMMON LINE TO A POINT FROM WHICH A FOUND 1/2-INCH IRON ROD BEARS NORTH 71 DEGREES 10 MINUTES 32 SECONDS EAST, A DISTANCE OF 0.51 OF ONE FOOT, SAID POINT BEING THE COMMON CORNER OF AFORESAID TRACT TWO, AFORESAID CAMPA TRACT, AND THAT CERTAIN TRACT OF LAND DESCRIBED IN DEED TO TERRY M. CAMPA, SR. AND WIFE, LAURA L. CAMPA, AS RECORDED IN INSTRUMENT NO. 200503602018,

AFORESAID DEED RECORDS; THENCE NORTH 54 DEGREES 00 MINUTES 46 SECONDS WEST, A DISTANCE OF 458.48 FEET ALONG THE COMMON LINE OF SAID TRACT TWO AND SAID CAMPA TRACT (200503602018) TO A POINT FROM WHICH A FOUND 1/2-INCH IRON ROD BEARS NORTH 52 DEGREES 18 MINUTES 08 SECONDS EAST, A DISTANCE OF 0.31 OF ONE FOOT, SAID POINT BEING THE COMMON CORNER OF SAID TRACT TWO, SAID CAMPA TRACT (200503602018), AND THAT CERTAIN TRACT OF LAND DESCRIBED IN DEED AS TRACT 1 TO DAVID HOELSCHER AND WIFE, SUZANNE HOELSCHER, AS RECORDED IN INSTRUMENT NO. 201000321376, SAID DEED RECORDS; THENCE NORTH 45 DEGREES 33 MINUTES 45 SECONDS EAST, A DISTANCE OF 499.46 FEET ALONG THE COMMON LINE OF SAID TRACT TWO AND SAID TRACT 1 TO A FOUND 1/2-INCH IRON ROD AT THE COMMON WEST CORNER OF SAID TRACT TWO AND AFORESAID TRACT ONE; THENCE SOUTH 52 DEGREES 04 MINUTES 37 SECONDS EAST, A DISTANCE OF 935.05 FEET ALONG THE COMMON LINE OF SAID TRACTS ONE AND TWO TO THE POINT OF BEGINNING AND CONTAINING 578,128 SQUARE FEET OR 13.27 ACRES OF LAND; TOGETHER WITH ANY AND ALL IMPROVEMENTS AND APPURTENANCES THEREON, ASSESSOR'S PARCEL NUMBER 65013606010010000

(all of which constitutes property).

3.      If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant -

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant for the property listed above and the in personam criminal forfeiture money judgment including, but not limited to, at least $11,300,000.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 1343; and Title 21, United States Code, Section 853(p).

## FORFEITURE ALLEGATION TWO
(Aggravated Identity Theft)

1.       The allegations contained in Counts Sixteen through Twenty-Nine of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c).

2.       Upon conviction of any of the felony offenses charged in Counts Sixteen through Twenty-Nine of this Indictment,

## GARETH DAVID LONG

defendant herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Sections 1028A(a)(1), (c)(5), and 1343, a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, an in personam criminal forfeiture money judgment including, but not limited to, at least $11,300,000 in United States Currency, including:

a.       $210.32 in United States Currency;

b.       $938.01 in United States Currency;

c.       $60 in United States Currency;

d.       $1,081.33 in United States Currency;

e.       $10,225.46 in United States Currency;

f.       $788,593.43 in United States Currency;

g.   $2,112,673.65 in United States Currency;

h.   REAL PROPERTY LOCATED AT 1350 STONEY CREEK DRIVE, CEDAR HILL, DALLAS COUNTY, TEXAS 75104, MORE PARTICULARLY DESCRIBED IN FORFEITURE ALLEGATION ONE; and

i.   REAL PROPERTY LOCATED AT 1204 SOUTH CLARK ROAD, CEDAR HILL, DALLAS COUNTY, TEXAS 75104, MORE PARTICULARLY DESCRIBED IN FORFEITURE ALLEGATION ONE

(all of which constitutes property).

3.   If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant -

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant for the property listed above and the in personam criminal forfeiture money judgment including, but not limited to, at least $11,300,000.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c); Title 18, United States Code, Sections 1028A(a)(1), (c)(5), and 1343; and Title 21, United States Code, Section 853(p).

## FORFEITURE ALLEGATION THREE
(Money Laundering)

1.      The allegations contained in Counts Thirty through Thirty-Nine of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(A) with Title 28, United States Code, Section 2461(c).

2.      Upon conviction of any of the felony offenses charged in Counts Thirty through Thirty-Nine of this Indictment,

### GARETH DAVID LONG

defendant herein, shall forfeit to the United States of America, any property, real or personal, involved in transactions or attempted transactions in violation of Title 18, United States Code, Section 1957(a), or any property traceable to such property, an in personam criminal forfeiture money judgment including, but not limited to, at least $11,300,000 in United States Currency, including:

a.      $210.32 in United States Currency;

b.      $938.01 in United States Currency;

c.      $60 in United States Currency;

d.      $1,081.33 in United States Currency;

e.      $10,225.46 in United States Currency;

f.      $788,593.43 in United States Currency;

g.      $2,112,673.65 in United States Currency;

h.      REAL PROPERTY LOCATED AT 1350 STONEY CREEK DRIVE, CEDAR HILL, DALLAS COUNTY, TEXAS 75104, MORE PARTICULARLY DESCRIBED IN FORFEITURE ALLEGATION ONE; and

i.    REAL PROPERTY LOCATED AT 1204 SOUTH CLARK ROAD, CEDAR HILL, DALLAS COUNTY, TEXAS 75104, MORE PARTICULARLY DESCRIBED IN FORFEITURE ALLEGATION ONE

(all of which constitutes property).

3.    If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(A) with Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant -

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant for the property listed above and the in personam criminal forfeiture money judgment including, but not limited to, at least $11,300,000.

All pursuant to Title 18, United States Code, Section 981(a)(1)(A) with Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 1957(a); and Title 21, United States Code, Section 853(p).

## FORFEITURE ALLEGATION FOUR
(Money Laundering)

1.    The allegations contained in Counts Thirty through Thirty-Nine of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c).

2.     Upon conviction of any of the felony offenses charged in Counts Thirty through Thirty-Nine of this Indictment,

**GARETH DAVID LONG**

defendant herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1957(a), a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, an in personam criminal forfeiture money judgment including, but not limited to, at least $11,300,000 in United States Currency, including:

a.     $210.32 in United States Currency;

b.     $938.01 in United States Currency;

c.     $60 in United States Currency;

d.     $1,081.33 in United States Currency;

e.     $10,225.46 in United States Currency;

f.     $788,593.43 in United States Currency;

g.     $2,112,673.65 in United States Currency;

h.     REAL PROPERTY LOCATED AT 1350 STONEY CREEK DRIVE, CEDAR HILL, DALLAS COUNTY, TEXAS 75104, MORE PARTICULARLY DESCRIBED IN FORFEITURE ALLEGATION ONE; and

i.     REAL PROPERTY LOCATED AT 1204 SOUTH CLARK ROAD, CEDAR HILL, DALLAS COUNTY, TEXAS 75104, MORE PARTICULARLY DESCRIBED IN FORFEITURE ALLEGATION ONE

(all of which constitutes property).

3.     If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant -

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant for the property listed above and the in personam criminal forfeiture money judgment including, but not limited to, at least $11,300,000.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 1957(a); and Title 21, United States Code, Section 853(p).

**DATED:** this 9th day of March 2016.

**A TRUE BILL:**

/S/
FOREPERSON OF THE GRAND JURY

DANIEL G. BOGDEN
United States Attorney

JOSH BURKE
Trial Attorney
Consumer Protection Branch

CRANE M. POMERANTZ
Assistant United States Attorney