DANIEL BOGDEN
United States Attorney
CRANE POMERANTZ
Assistant United States Attorney
United States Attorney's Office
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
Tel:     (702) 388-6336
Fax:     (702) 388-6787
Crane.Pomerantz@usdoj.gov
JOHN W. BURKE
EHREN P. REYNOLDS
Trial Attorneys
Consumer Protection Branch
United States Department of Justice
P.O. Box 386
Washington, D.C. 20044
Tel:     (202) 353-2001 (Burke)
          (202) 598-8339 (Reynolds)
Fax:     (202) 514-8742
Josh.Burke@usdoj.gov
Ehren.Reynolds@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | Case No.:  2:16-cr-71-APG (PAL) |
| )                                    | |
| Plaintiff,           ) | **Proposed Complex Case Schedule** |
| )                                    | **(Stipulation)** |
| vs.           ) | |
| )                                    | |
| GARETH DAVID LONG,           ) | |
| )                                    | |
| Defendant.           ) | |
| )                                    | |

Pursuant to Local Rule 16-1, the United States, by and through the undersigned, and

Defendants, by and through undersigned counsel, submit this Proposed Complex Case Schedule

as follows:

1.      <u>Complex Case</u>.  The parties stipulate that this is a complex case within the meaning of that term under Title 18, United States Code, Section 3161(h)(7)(B)(ii), in that the nature of the prosecution is such that it is unreasonable to expect adequate trial preparation within the time limits prescribed by the Speedy Trial Act.

2.      <u>Trial Date</u>.  The parties stipulate that they seek to vacate the current trial setting for this matter on May 16, 2016, and set the matter for a trial setting in or about February 2017. The United States anticipates it will need at least two weeks to present its case-in-chief.

3.      <u>Excluded Time</u>.  The parties stipulate that all time from the entry of Defendant's plea in this case until the trial date set by the Court in this matter is excluded under Title 18, United States Code, Section 3161(h)(7)(A) as the ends of justice outweigh the interests of the public and defendant in a speedy trial.

4.      <u>Pretrial Motions</u>.  The parties stipulate that:

A.      They shall have to and including ninety (90) days prior to the trial date set by the Court, within which to file any and all pretrial motions and notices of defenses;

B.      They shall have twenty-one (21) days after the filing of a pretrial motion within which to file any and all responsive pleadings;

C.      They shall have seven (7) days after the filing of a responsive pleading within which to file any and all replies to pretrial motions.

D.      For matters which have been referred to a United States Magistrate Judge for Report and Recommendations (R&R), the parties shall have fourteen (14) days from the entry of the R&R to file any objections thereto, and shall have seven (7) days after the filing of any objections to file a response, except as stipulated by the parties and approved by the Court.

5.        <u>The Parties' Discovery Obligations</u>

A.        Except for disclosure of expert witnesses pursuant to Rule 16(a)(1)(G), the United States shall begin providing its Rule 16 disclosures to the defendant within fourteen (14) days of entry of a protective order governing discovery and, consistent with its ongoing discovery obligations, turn over additional materials as they become available.  The United States' disclosure of expert witnesses pursuant to Rule 16(a)(1)(G) will be made no later than ninety (90) days prior to the date set for trial by this Court.

B.        The defendant's Rule 16 disclosures, including, specifically, disclosures related to expert witness testimony, should be made immediately, or, in all events, no later than seventy-five (75) days prior to the date set for trial by this Court, in order to allow for sufficient trial preparation.

C.        In general, the United States is not required to disclose *Jencks* material until after the government witness testifies on direct examination.  18 U.S.C. § 3500(b). Nonetheless, in the interest of efficiency, the United States will consent to disclose *Jencks* materials no later than twenty-one (21) days before trial, except: (1) with permission of the Court, for good cause shown; and (2) with the caveat that the United States does not consent to any remedy for any violation of the twenty-one (21) day disclosure deadline that would preclude it from calling a witness at trial (i.e. it reserves the right to argue to the Court that exclusion of the witness is not a proper remedy).

D.        No later than twenty-one (21) days before trial, the defendant will disclose any statements of witnesses the defendant(s) intend to call at trial.

6.        <u>Duty to Resolve Discovery Matters Informally</u>.  Consistent with the Local Rules, the parties agree to make good faith efforts to meet and confer with each other to resolve

informally any dispute over the scope, manner and method of disclosures, before seeking relief from the Court.

WHEREFORE, the parties respectfully request that the Court enter a Scheduling Order addressing these issues and such other issues as the Court deems appropriate.

DATED:          April 4, 2016

Respectfully submitted,
DANIEL BOGDEN
United States Attorney

*/s/ John W. Burke*

JOHN W. BURKE
EHREN P. REYNOLDS
Trial Attorneys
Consumer Protection Branch
United States Department of Justice
P.O. Box 386
Washington, D.C. 20044
Tel:     (202) 353-2001 (Burke)
           (202) 598-8339 (Reynolds)
Fax: (202) 514-8742
Email: Josh.Burke@usdoj.gov
            Ehren.Reynolds@usdoj.gov

DATED:          April 4, 2016          */s/ Ryan Norwood (per E-mail authorization)*

RYAN NORWOOD
Attorney for Defendant
GARETH DAVID LONG

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,      )
                           )    Case No.:  2:16-cr-71-APG (PAL)
          Plaintiff,      )
                           )    **Complex Case Scheduling Order**
        vs.             )
                           )
GARETH DAVID LONG,      )
                           )
         Defendant.    )
_____)

This matter coming before the Court on the parties' Proposed Complex Case Scheduling Order, the premises therein considered, and good cause showing, the Court orders as follows:

1.    <u>Complex Case</u>.  This is a complex case within the meaning of that term under Title 18, United States Code, Section 3161(h)(7)(B)(ii), in that the nature of the prosecution is such that it is unreasonable to expect adequate trial preparation within the time limits prescribed by the Speedy Trial Act.

2.    <u>Trial Date</u>.  The current trial setting for this matter on May 16, 2016, is vacated and rescheduled for **February 16, 2017**.  Calendar call is set for **February 1, 2017**.

3.    <u>Excluded Time</u>.  All time from the entry of Defendant's plea in this case until the trial of this matter is excluded under Title 18, United States Code, Section 3161(h)(7)(A) as the ends of justice outweigh the interests of the public and defendant in a speedy trial.

4.    <u>Pretrial Motions</u>.  The parties shall have:

A.    To and including ninety (90) days prior to the date set for trial by this Court, or until **January 17, 2017**, within which to file any and all pretrial motions and notices of defenses;

B.      To and including twenty-one (21) days after the filing of a pretrial motion within which to file any and all responsive pleadings;

C.      To and including seven (7) days after the filing of a responsive pleading within which to file any and all replies to pretrial motions.

D.      For matters which have been referred to a United States Magistrate Judge for Findings and Recommendations (R&R), the parties shall have fourteen (14) days from the entry of the R&R to file any objections thereto, and shall have seven (7) days after the filing of any objections to file a response, except as stipulated by the parties and approved by the Court.

5.    The Parties' Discovery Obligations

A.      Except for disclosure of expert witnesses pursuant to Rule 16(a)(1)(G), the United States shall begin providing its Rule 16 disclosures to the defendant within fourteen (14) days of entry of a protective order governing discovery and, consistent with its ongoing discovery obligations, turn over additional materials as they become available.  The United States' disclosure of expert witnesses pursuant to Rule 16(a)(1)(G) will be made no later than ninety (90) days prior to the date set for trial by this Court.

B.      The defendant's Rule 16 disclosures, including, specifically, disclosures related to expert witness testimony, should be made immediately, or, in all events, no later than seventy-five (75) days prior to the date set for trial by this Court, or until **December 3, 2016,** in order to allow for sufficient trial preparation.

C.      The United States is not required to disclose *Jencks* material until after the government witness testifies on direct examination.  18 U.S.C. § 3500(b).  Nonetheless, in the interest of efficiency, the United States will consent to disclose *Jencks* materials no later than twenty-one (21) days before trial, or **January 26, 2017,** except: (1) with permission of the Court, for good cause

shown; and (2) with the understanding that the United States reserves the right to argue to the Court that exclusion of the witness is not a proper remedy for violation of the twenty-one (21) day disclosure deadline.

        D.    No later than twenty-one (21) days before trial, or **1/26/2017,** the defendant will disclose any statements of witnesses the defendant intends to call at trial.

        6.    <u>Duty to Resolve Discovery Matters Informally</u>.  Consistent with the Local Rules, the parties shall make good faith efforts to meet and confer with each other to resolve informally any dispute over the scope, manner and method of disclosures, before seeking relief from the Court.

**IT IS SO ORDERED**:


_____        April 26, 2016
PEGGY A. LEEN                                 Date
United States Magistrate Judge

**Certificate of Service**

A copy of the foregoing Proposed Complex Case Schedule (Stipulation), was served upon counsel of record, via Electronic Case Filing, on this 4th day of April, 2016.

_/s/  John W. Burke_____
John W. Burke
Trial Attorney
U.S. Department of Justice