UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br>v.<br>GARETH DAVID LONG,<br><br>           Defendant. | Case No. 2:16-cr-00071-APG-PAL<br><br>ORDER<br><br>(Mot Mod Cond Rel – ECF No. 24) |

Before the court is Defendant Long's Motion to Amend Conditions of Release (ECF No. 24). The court has considered the Motion, the government's Response (ECF No. 25), and Long's Reply (ECF No. 26).

Long seeks an order amending the conditions of his pretrial release to eliminate the GPS monitoring condition, and clarification of the "registration" requirement for the Defendant's firearms.

The government opposes elimination of the GPS monitoring condition, and takes no position with respect to the registration condition. The government points out that the Defendant is not a U.S. Citizen, and has traveled extensively to Canada, Morocco and the United Arab Emirates in the year prior to his arrival in the United States. He is charged in a 39-count indictment with wire fraud, identity theft and money laundering involving millions of dollars in losses and hundreds of thousands of victims. He faces a two-year mandatory term of imprisonment if convicted of aggravated identity theft. Without GPS monitoring condition, the government is concerned that he may attempt to flee the jurisdiction. Long's property in Texas may not be a sufficiently compelling tie to the United States because it is encumbered by a lien filed by the government which will likely be forfeited upon conviction. In addition, the government understands Long has not provided written proof of income from his tour bus

1

company to Pretrial Services as required as a condition of his release.  Thus, he has not accounted for all financial resources available to him.  Under these circumstances, the government argues that he has not pointed to any material change in the factors enumerated in 18 U.S.C. § 3142(g)(1)-(4) which govern the court's analysis regarding conditions of his release.

Long replies that although GPS monitoring undoubtedly makes it easier to monitor his whereabouts, it is not a standard condition of release and it is not the least restrictive condition necessary to guarantee his appearance in court.  This is especially true as his pretrial services supervising officer believes the condition is no longer necessary.  Long knew that he was the target of a government investigation no later than July 2013, when the government seized items from his Las Vegas offices and made no attempt to flee.  Rather, he retained counsel and has sought to vigorously defend himself against the government's claims of wrongdoing.  Long receives income from rental properties that he manages and also works for a tour bus company.  He has provided Pretrial Services with information that they have requested about his employment and a letter from the tour bus company in response to a recent request.  He has nothing to hide and there is no reason why his condition should not be modified.

Chambers staff communicated with Long's pretrial supervisor who does not oppose this request, indicating Long has been compliant with the conditions of his release.  He has not registered his firearms because state law no longer requires registration of firearms.  Having reviewed and considered the matter,

IT IS ORDERED the Motion to Amend Conditions of Release (ECF No. 24) is **GRANTED**. The electronic monitoring condition and requirement to register firearms with state and local authorities are removed.  The remaining conditions of his release remain in full force.

DATED this 9th day of August, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE