1  NICHOLAS A. TRUTANICH
   United States Attorney
2  District of Nevada
   Nevada State Bar No. 13644
3  DANIEL D. HOLLINGSWORTH
   Assistant United States Attorney
4  Nevada State Bar No. 1925
   501 Las Vegas Boulevard South, Suite 1100
5  Las Vegas, Nevada 89101
   (702) 388-6336
6  Daniel.Hollingsworth@usdoj.gov
   Attorneys for the United States

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> GARETH DAVID LONG, <br><br> Defendant. | 2:16-CR-071-APG-PAL <br><br> **United States of America's Motion for an Interlocutory Order of Sale of 1350 Stoney Creek Drive, Cedar Hill, Texas 75104 and 1204 South Clark Road, Cedar Hill, Texas 75104 and Order** |

The United States moves this Court to issue an Order for an Interlocutory Sale of the real property held in the name of Gareth Long located at 1350 Stoney Creek Drive, Cedar Hill, Dallas County, Texas 75104 (Stoney Creek or property) and 1204 South Clark Road, Cedar Hill, Texas 75104 (South Clark or property), listed in the Indictment (ECF No. 1).

1. Stoney Creek is more particularly described as follows:

BEING A 10.00 ACRE TRACT OF LAND SITUATED IN THE U. MATTHUSEN 106.50 ACRE SURVEY, ABSTRACT NO. 1046, THE WILLIAM NEWBY 198 ACRE SURVEY, ABSTRACT NO. 1085, THE WILLIAM C. BILLINGSLEY 60 ACRE SURVEY, ABSTRACT NO. 136, AND THE WILLIAM MASTERS 160 ACRE SURVEY, ABSTRACT NO. 899, DALLAS COUNTY, TEXAS, BEING ALL THAT CERTAIN TRACT OF LAND DESCRIBED IN DEED AS TRACT ONE TO KELLI FREEMAN, AS RECORDED IN INSTRUMENT NO. 200503550084, DEED RECORDS OF DALLAS, COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS

BEGINNING AT A FOUND 1/2-INCH IRON ROD AT THE COMMON NORTH CORNER OF SAID TRACT ONE AND THAT CERTAIN TRACT OF LAND DESCRIBED IN DEED TO DAVID WILLIS AND BARBARA WILLIS, AS RECORDED IN VOLUME 96021, PAGE 2189, SAID DEED RECORDS, SAID

IRON ROD BEING ON THE SOUTH LINE OF STONEY CREEK ESTATES, AN ADDITION TO DALLAS COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 83241, PAGE 3281, MAP RECORDS, DALLAS COUNTY, TEXAS;

THENCE SOUTH 05 DEGREES 16 MINUTES 35 SECONDS WEST, A DISTANCE OF 104.25 FEET ALONG THE COMMON LINE OF SAID TRACT ONE AND SAID WILLIS TRACT TO A FOUND 1/2-INCH IRON ROD;

THENCE SOUTH 22 DEGREES 59 MINUTES 58 SECONDS EAST, A DISTANCE OF 376.97 FEET ALONG SAID COMMON LINE TO A POINT FROM WHICH A FOUND 1/2-INCH IRON ROD BEARS SOUTH 68 DEGREES 43 MINUTES 21 SECONDS WEST; A DISTANCE OF 0.37 OF ONE FOOT;

THENCE SOUTH 00 DEGREES 33 MINUTES 45 SECONDS WEST, A DISTANCE OF 1,073.27 FEET ALONG SAID COMMON LINE TO A FOUND 1/2-INCH IRON ROD AT THE COMMON, EAST CORNER OF AFORESAID TRACT ONE AND THAT CERTAIN TRACT OF LAND DESCRIBED IN AFORESAID FREEMAN DEED AS TRACT TWO;

THENCE NORTH 52 DEGREES 04 MINUTES 37 SECONDS WEST, A DISTANCE OF 935.05 FEET ALONG THE COMMON LINE OF SAID TRACTS ONE AND TWO TO A FOUND 1/2-INCH IRON ROD AT THE COMMON WEST CORNER OF SAID TRACTS, SAID IRON ROD BEING ON THE SOUTHEAST LINE OF THAT CERTAIN TRACT OF LAND DESCRIBED IN DEED AS TRACT I TO DAVID HOELSCHER AND WIFE, SUZANNE HOELSCHER, AS RECORDED IN INSTRUMENT NO. 201000321376, AFORESAID DEED RECORDS;

THENCE NORTH 45 DEGREES 33 MINUTES 45 SECONDS EAST, A DISTANCE OF 472.27 FEET ALONG THE COMMON LINE OF SAID TRACTS ONE AND 1 TO A POINT FROM WHICH A FOUND 1/2-INCH IRON ROD BEARS NORTH 69 DEGREES 41 MINUTES 21 SECONDS WEST, A DISTANCE OF 0.52 OF ONE FOOT;

THENCE SOUTH 89 DEGREES 29 MINUTES 56 SECONDS EAST, A DISTANCE OF 359.26 FEET ALONG SAID COMMON LINE TO A FOUND 1/2-INCH IRON ROD;

THENCE NORTH 00 DEGREES 33 MINUTES 45 SECONDS EAST, A DISTANCE OF 161.09 FEET ALONG SAID COMMON LINE TO A FOUND 1/2-INCH IRON ROD;

THENCE NORTH 22 DEGREES 59 MINUTES 58 SECONDS WEST, A DISTANCE OF 379.14 FEET ALONG SAID COMMON LINE TO A FOUND 1/2-INCH IRON ROD;

THENCE NORTH 05 DEGREES 16 MINUTES 35 SECONDS EAST, A DISTANCE OF 95.75 FEET ALONG SAID COMMON LINE TO A FOUND 1/2-INCH IRON ROD AT THE COMMON NORTH CORNER OF AFORESAID TRACTS ONE AND 1, SAID IRON ROD BEING ON THE AFORESAID SOUTH LINE OF STONEY CREEK ESTATES;

THENCE NORTH 72 DEGREES 24 MINUTES 01 SECONDS EAST, A DISTANCE OF 54.27 FEET ALONG THE COMMON LINE OF SAID TRACT

ONE AND SAID STONEY CREEK ESTATES TO THE POINT OF BEGINNING AND CONTAINING 435,593 SQUARE FEET OR 10.00 ACRES OF LAND, TOGETHER WITH ANY AND ALL IMPROVEMENTS AND APPURTENANCES THEREON, ASSESSOR'S PARCEL NUMBERS 650136060100104HS; 65013606010010400.

2. South Clark is more particularly described as:

BEING A 13.27 ACRE TRACT OF LAND SITUATED IN THE WILLIAM C. BILLINGSLEY 160 ACRE SURVEY, ABSTRACT NO. 136, AND THE WILLIAM MASTERS 160 ACRE SURVEY, ABSTRACT NO. 899, DALLAS COUNTY, TEXAS, BEING ALL THAT CERTAIN TRACT OF LAND DESCRIBED IN DEED AS TRACT TWO TO KELLI FREEMAN, AS RECORDED IN INSTRUMENT NO. 200503550084, DEED RECORDS OF DALLAS COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

BEGINNING AT A FOUND 1/2-INCH IRON ROD AT THE COMMON EAST CORNER OF SAID TRACT TWO AND THAT CERTAIN TRACT OF LAND DESCRIBED AS TRACT ONE IN SAID FREEMAN DEED, SAID IRON ROD BEING ON THE WEST LINE OF THAT CERTAIN TRACT OF LAND DESCRIBED IN DEED TO DAVID WILLIS AND BARBARA WILLIS, AS RECORDED IN VOLUME 96021, PAGE 2189, SAID DEED RECORDS;

THENCE SOUTH 00 DEGREES 33 MINUTES 45 SECONDS WEST, A DISTANCE OF 400.00 FEET ALONG THE COMMON LINE OF SAID TRACT TWO AND SAID WILLIS TRACT TO A FOUND 1/2-INCH IRON ROD;

THENCE SOUTH 45 DEGREES 33 MINUTES 45 SECONDS WEST, PASSING A FOUND 1/2-INCH IRON ROD AT A DISTANCE OF 629.94 FEET AND CONTINUING A TOTAL DISTANCE OF 731.92 FEET ALONG SAID COMMON LINE TO THE COMMON SOUTH CORNER OF SAID TRACT TWO AND THAT CERTAIN TRACT OF LAND DESCRIBED IN DEED TO TERRY M. CAMPER, SR., AS RECORDED IN INSTRUMENT NO. 200503584402, AFORESAID DEED RECORDS;

THENCE NORTH 67 DEGREES 19 MINUTES 24 SECONDS WEST, A DISTANCE OF 50.48 FEET ALONG THE COMMON LINE OF SAID TRACT TWO AND SAID CAMPS TRACT;

THENCE NORTH 41 DEGREES 07 MINUTES 33 SECONDS EAST, A DISTANCE OF 49.34 FEET ALONG SAID COMMON LINE;

THENCE NORTH 04 DEGREES 40 MINUTES 26 SECONDS EAST, A DISTANCE OF 77.45 FEET ALONG SAID COMMON LINE;

THENCE SOUTH 76 DEGREES 30 MINUTES 09 SECONDS EAST, A DISTANCE OF 96.76 FEET ALONG SAID COMMON LINE;

THENCE NORTH 25 DEGREES 33 MINUTES 58 SECONDS EAST, A DISTANCE OF 87.97 FEET ALONG SAID COMMON LINE;

THENCE NORTH 48 DEGREES 12 MINUTES 32 SECONDS EAST, A DISTANCE OF 217.53 FEET ALONG SAID COMMON LINE;

THENCE NORTH 07 DEGREES 31 MINUTES 18 SECONDS EAST, A DISTANCE OF 71.74 FEET ALONG SAID COMMON LINE;

THENCE NORTH 45 DEGREES 17 MINUTES 42 SECONDS WEST, A DISTANCE OF 47.91 FEET ALONG SAID COMMON LINE TO A POINT FROM WHICH A FOUND 1/2-INCH IRON ROD BEARS NORTH 58 DEGREES 41 MINUTES 01 SECONDS EAST, A DISTANCE OF 0.54 OF ONE FOOT; THENCE NORTH 33 DEGREES 16 MINUTES 05 SECONDS WEST, A DISTANCE OF 313.56 FEET ALONG SAID COMMON LINE TO A POINT FROM WHICH A FENCE CORNER BEARS SOUTH 28 DEGREES 20 MINUTES EAST - 0.8 OF ONE FOOT;

THENCE NORTH 72 DEGREES 09 MINUTES 03 SECONDS WEST, A DISTANCE OF 142.93 FEET ALONG SAID COMMON LINE TO A POINT FROM WHICH A FOUND RAILROAD SPIKE BEARS NORTH 57 DEGREES 04 MINUTES 03 SECONDS EAST, A DISTANCE OF 0.52 OF ONE FOOT;

THENCE NORTH 59 DEGREES 08 MINUTES 16 SECONDS WEST, A DISTANCE OF 131.42 FEET ALONG SAID COMMON LINE TO A POINT FROM WHICH A FOUND 1/2-INCH IRON ROD BEARS NORTH 84 DEGREES 58 MINUTES 20 SECONDS EAST, A DISTANCE OF 0.44 OF ONE FOOT;

THENCE NORTH 34 DEGREES 44 MINUTES 43 SECONDS WEST, A DISTANCE OF 66.00 FEET ALONG SAID COMMON LINE TO A POINT FROM WHICH A FOUND 1/2-INCH IRON ROD BEARS NORTH 71 DEGREES 10 MINUTES 32 SECONDS EAST, A DISTANCE OF 0.51 OF ONE FOOT, SAID POINT BEING THE COMMON CORNER OF AFORESAID TRACT TWO, AFORESAID CAMPS TRACT, AND THAT CERTAIN TRACT OF LAND DESCRIBED IN DEED TO TERRY M. CAMPA, SR. AND WIFE, LAURA L. CAMPA, AS RECORDED IN INSTRUMENT NO. 200503602018, AFORESAID DEED RECORDS;

THENCE NORTH 54 DEGREES 00 MINUTES 46 SECONDS WEST, A DISTANCE OF 458.48 FEET ALONG THE COMMON LINE OF SAID TRACT TWO AND SAID CAMPA TRACT (200503602018) TO A POINT FROM WHICH A FOUND 1/2-INCH IRON ROD BEARS NORTH 52 DEGREES 18 MINUTES 08 SECONDS EAST, A DISTANCE OF 0.31 OF ONE FOOT, SAID POINT BEING THE COMMON CORNER OF SAID TRACT TWO, SAID CAMPA TRACT (200503602018), AND THAT CERTAIN TRACT OF LAND DESCRIBED IN DEED AS TRACT 1 TO DAVID HOELSCHER AND WIFE, SUZANNE HOELSCHER, AS RECORDED IN INSTRUMENT NO. 201000321376, SAID DEED RECORDS;

THENCE NORTH 45 DEGREES 33 MINUTES 45 SECONDS EAST, A DISTANCE OF 499.46 FEET ALONG THE COMMON LINE OF SAID TRACT TWO AND SAID TRACT I TO A FOUND 1/2-INCH IRON ROD AT THE COMMON WEST CORNER OF SAID TRACT TWO AND AFORESAID TRACT ONE;

THENCE SOUTH 52 DEGREES 04 MINUTES 37 SECONDS EAST, A DISTANCE OF 935.05 FEET ALONG THE COMMON LINE OF SAID TRACTS ONE AND TWO TO THE POINT OF BEGINNING AND CONTAINING 578,128 SQUARE FEET OR 13.27 ACRES OF LAND; TOGETHER WITH ANY AND ALL IMPROVEMENTS AND APPURTENANCES THEREON, ASSESSOR'S PARCEL NUMBER 650-136060-100-10000.

Through the Interlocutory Order of Sale, the United States requests this Court to authorize the United States Marshals Service (USMS) to sell the property through one of its approved methods.

This Motion is made and is based on the papers and pleadings on file herein and the attached Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. STATEMENT OF THE CASE**

    **A. Procedural History**

On March 9, 2016, the Grand Jury returned a 39-Count Criminal Indictment (Indictment) (ECF No. 1), charging Gareth Long (Long) in Counts 1 through 15 with wire fraud in violation of 18 U.S.C. § 1343; in Counts 16 through 29 with aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) with 1028A(c)(5) and 18 U.S.C. § 1343; and in Counts 30 through 39 with money laundering in violation of 18 U.S.C. § 1957(a) and alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); and 21 U.S.C. § 853(p).

On May 24, 2017, the United States filed a Bill of Particulars to give notice it would seek forfeiture pursuant to 18 U.S.C. § 982(a)(1) and (b)(2) as well.

A calendar call is currently scheduled for May 28, 2019 with a jury trial scheduled for June 3, 2019. Long has requested a continuance of the trial dates (ECF No. 55) and the government opposed (ECF No. 56). Defense counsel replied (ECF No. 59). The continuance is still pending.

    **B. Statement of Facts**

The United States filed Lis Pendens on the property on April 24, 2014.

According to the USMS, Stoney Creek's value is $659,000; according to Zillow.com, Stoney Creek's value is $720,435; and according to redfin.com, Stoney Creek's value is between $785,000 to $869,000. Since March 2, 2015, Long and his wife have been renting out the Stoney Creek property at a monthly rate of $5,000. Exhibit (Ex.) 1, Declaration of United States Postal Inspector Jan Kostka, attached hereto and

incorporated herein by reference as if fully set forth herein. The renters have been paying, and continue to pay, on time every month by direct deposit or wire transfer from one of their bank accounts to the Longs' Wells Fargo Bank Account. Ex. 1, p. 2. Since March 2, 2016 and continuing to the present, the renter's lease converted to a month-to-month tenancy. To date, the renters have paid approximately $250,000 to Long. Ex. 1, p. 2-3.

According to USMS, South Clark is commercial property with an estimated value of between $277,564 to $398,998.

Long stopped paying property taxes on the property. Property tax statements obtained from the Dallas County, Texas Tax Office show a tax delinquency that began accruing since 2013 for the property. Ex. 2-5, attached hereto and incorporated herein as if fully set forth herein. If paid by May 31, 2019, the total taxes due for the Stoney Creek home section of the property will be $143,227.30. Ex. 2 and 3. If paid by May 31, 2019, the total taxes due for the remaining Stoney Creek land will be $4,876.01. Ex. 4. If paid by May 31, 2019, the total taxes due for the South Clark property is $355.42. Ex. 5. The penalty and interest schedule charged on top of the real estate taxes are shown. Ex. 6, attached hereto and incorporated by reference herein as if fully set forth herein. This will cause the tax rate to increase even faster. Dallas County, Texas obtained a judgment on May 31, 2017, in the Texas State District Court, 160th Judicial District, Dallas County, Texas (TX-16-00584) against Long and his Lacy Long $56,874.84 plus applicable penalties and interest. Ex. 1.

On July 9, 2014, The Insource Group, Inc. filed an Abstract of Judgment against Dollar Rabbit, LLC and Gareth Long on Stoney Creek for a money judgment of $35,190 plus interest, costs, and fees with an 18% per annum interest rate. The initial judgment, costs, and fees totaled $40,085.15.

**II. ARGUMENT**

The United States now requests this Court to authorize the USMS to sell the real property located at 1350 Stoney Creek Drive, Cedar Hill, Dallas County, Texas 75104 and 1204 South Clark Road, Cedar Hill, Texas 75104 through one of its approved methods.

The grounds for issuing the Order for an Interlocutory Sale are: (1) to liquidate the property to pay the past due property taxes for Dallas County, Texas in the amount of $147,747.89 plus applicable penalties and interest for Stoney Creek and $355.42 for South Clark; (2) to address the other judgment lien with per annum interest filed against Stoney Creek; (3) to address the vendor lien of $300,000 on the Stoney Creek warranty deed; (4) Long could have been paying the property taxes with the rent collected from the Stoney Creek property; (5) to avoid damage to the property; and (6) this Court is authorized to approve interlocutory sales.

This Court has authority to issue the Interlocutory Order of Sale. "At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." Fed. R. Crim. P. 32.2(b)(7).

> On motion by a party or a person having custody of the property, the court may order all or part of the property sold if: (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause.

Supplemental Rules G(7)(b)(i)(A)-(D) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure (Supplemental Rules) (paragraphs omitted). Only one of the grounds for interlocutory sale is required since Supplemental Rule G(7)(b) is disjunctive. See *Shelter Cove Marina, Ltd. v. M/Y ISABELLA,* No. 3:17-cv-01578-GPC-BLM, 2017 WL 5906673, 2 (S.D. Cal. Nov. 30, 2017) (explaining that another Supplemental Rule for interlocutory sale with similar language is disjunctive); *Cal. Yacht Marina-Chula Vista, LLC v. S/V OPILY*, No. 14-cv-1215-BAS-BGS, 2015 WL 1197540, 2 (S.D. Cal. Mar. 16, 2015) (same).

"A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates." Supplemental Rules G(7)(b)(ii)). In this case, the USMS will sell the real property as "governed by 28

/ / /

7

U.S.C. §§ 2001, 2002, and 2004, unless all parties, with the court's approval, agree to the sale, aspects of the sale, or different procedures." Supplemental Rules G(7)(b)(iii).

These reasons for the interlocutory sale apply in this case regarding the property: (1) the property is subject to a lien from Dallas County, Texas for taxes, penalties, and interest that continued to accrue on which the owner is in default and (2) the court finds other good cause, which includes (a) Long could have paid the taxes from the rent he collected from the Stoney Creek tenants; (b) there is an additional lien on the property from The Insource Group, Inc., accruing interest at 18% per annum which is decreasing the equity on the property; (c) the interest rate on the past due taxes is increasing; (d) Long would have already lost the Stoney Creek property for lack of payment since Dallas County entered a tax judgment and planned a tax sale that was not pursued because of the government's filed Lis Pendens; and (e) to avoid accidents and liability. Supplemental Rule G(7)(b); Fed. R. Crim. P. 32.2(b)(7); see *United States v. One Parcel of Real Prop. Described as Lot 41, Berryhill Farm Estates*, 128 F.3d 1386, 1389–90 (10th Cir.1997) (explaining the district court orders an interlocutory sale when the property is deteriorating and decaying).

In *United States v. All Right, Title & Interest in Prop., Appurtenances, & Improvements Known as 479 Tamarind Drive, Hallendale, Fla.*, 98 CIV. 2279 DLC, 2012 WL 3886698, 2 (S.D.N.Y. Sept. 7, 2012) the court granted the interlocutory sale because the property had "[m]ore than $40,437.55 in taxes… currently due… raising the risk that the County may move to impose a lien and thereby diminish the property's value to the Government should this forfeiture action succeed." *Id.* at 2 (brackets and ellipses added).

The accruing taxes and fees are rapidly decreasing the equity of the property according to the 2018 Tax Statement from the Dallas County Tax office, of a value of $114,740. The government seeks to preserve as much of the equity as possible for the forfeiture proceedings. *United States v. Haley*, No. 11–CR–0540–WDQ, 2011 WL 6202787, 1 (D. Md. Dec. 8, 2011) (granting the interlocutory sale to avoid liability for accidents and to "avoid falling in arrears on the payment of applicable property taxes.").

/ / /

In *United States v. Fisch*, No. H-11-722, 2016 WL 4702588 (S.D. Tex. Sep. 8, 2016), the Interlocutory Sale was granted due to the accumulation of past due taxes. In *Fisch* the property was substitute property and was divisible with the defendant's wife. Here the property was purchased with illegal proceeds and the whole amount is subject to forfeiture after the tax lien and fees are paid.

The sale proceeds of the real property will be the "substitute res subject to forfeiture in place of the property that was sold[, and] the United States must maintain them in an interest-bearing account." Supplemental Rule G(7)(b)(iv) (brackets added); *United States v. King*, No. 10 CR. 122 (JGK), 2010 WL 4739791, 4 (S.D.N.Y. Nov. 12, 2010).

## III. CONCLUSION

Based on the foregoing reasons, this Court should order the interlocutory sale of the real property located at 1350 Stoney Creek Drive, Cedar Hill, Dallas County, Texas 75104 and at 1204 South Clark Road, Cedar Hill, Texas 75104.

Dated April 26, 2019.

Respectfully submitted,

NICHOLAS A. TRUTANICH
United States Attorney

*/s/ Daniel D. Hollingsworth*
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

HONORABLE ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

DATED: August 15, 2019

# CERTIFICATE OF SERVICE

A copy of the foregoing was served upon counsel of record via Electronic Filing on April 26, 2019, and by mail to:

Kelli Freeman
432 Lead Creek Drive
Ft. Worth, TX 76131

        /s/ Heidi L. Skillin
        HEIDI L. SKILLIN
        FSA Contractor Paralegal