DANIEL G. BOGDEN
United States Attorney
Nevada State Bar No. 2137
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada State Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
daniel.hollingsworth@usdoj.gov
Counsel for the United States

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:16-CR-071-APG-(PAL) |
| Plaintiff, | ) | |
| v. | ) | Stipulation for Entry of Order of Forfeiture as to CommerceWest Bank and Order |
| GARETH LONG, | ) | |
| Defendant. | ) | |

The United States of America and CommerceWest Bank, and its counsel, Jeffrey B. Coopersmith, Davis Wright Tremaine LLP, agree as follows:

1. The Grand Jury sitting in Las Vegas, Nevada returned a Thirty-Nine Count Indictment against Gareth Long for violations of 18 U.S.C. §§ 1028A, 1343, and 1957. Indictment, ECF No. 1.

2. CommerceWest Bank knowingly and voluntarily agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the following property:

    a. $210.32;

    b. $938.01;

    c. $60;

d. $1,081.33;

e. $10,225.46;

f. $788,593.43;

g. $2,112,673.65;

h. REAL PROPERTY LOCATED AT 1350 STONEY CREEK DRIVE, CEDAR HILL, DALLAS COUNTY, TEXAS 75104; and

MORE PARTICULARLY DESCRIBED AS ALL THAT REAL PROPERTY SITUATED IN THE COUNTY OF DALLAS, STATE OF TEXAS: BEING A 10.00 ACRE TRACT OF LAND SITUATED IN THE U. MATTHUSEN 106.50 ACRE SURVEY, ABSTRACT NO. 1046, THE WILLIAM NEWBY 198 ACRE SURVEY, ABSTRACT NO. 1085, THE WILLIAM C. BILLINGSLEY 60 ACRE SURVEY, ABSTRACT NO. 136, AND THE WILLIAM MASTERS 160 ACRE SURVEY, ABSTRACT NO. 899, DALLAS COUNTY, TEXAS, BEING ALL THAT CERTAIN TRACT OF LAND DESCRIBED IN DEED AS TRACT ONE TO KELLI FREEMAN, AS RECORDED IN INSTRUMENT NO. 200503550084, DEED RECORDS OF DALLAS, COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS BEGINNING AT A FOUND 1/2-INCH IRON ROD AT THE COMMON NORTH CORNER OF SAID TRACT ONE AND THAT CERTAIN TRACT OF LAND DESCRIBED IN DEED TO DAVID WILLIS AND BARBARA WILLIS, AS RECORDED IN VOLUME 96021, PAGE 2189, SAID DEED RECORDS, SAID IRON ROD BEING ON THE SOUTH LINE OF STONEY CREEK ESTATES, AN ADDITION TO DALLAS COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 83241, PAGE 3281, MAP RECORDS, DALLAS COUNTY, TEXAS; THENCE SOUTH 05 DEGREES 16 MINUTES 35 SECONDS WEST, A DISTANCE OF 104.25 FEET ALONG THE COMMON LINE OF SAID TRACT ONE AND SAID WILLIS TRACT TO A FOUND 1/2-INCH IRON ROD; THENCE SOUTH 22 DEGREES 59 MINUTES 58 SECONDS EAST, A DISTANCE OF 376.97 FEET ALONG SAID COMMON LINE TO A POINT FROM WHICH A FOUND 1/2-INCH IRON ROD BEARS SOUTH 68 DEGREES 43 MINUTES 21 SECONDS WEST; A DISTANCE OF 0.37 OF ONE FOOT; THENCE SOUTH 00 DEGREES 33 MINUTES 45 SECONDS WEST, A DISTANCE OF 1,073.27 FEET ALONG SAID COMMON LINE TO A FOUND 1/2-INCH IRON ROD AT THE COMMON, EAST CORNER OF AFORESAID TRACT ONE AND THAT CERTAIN TRACT OF LAND DESCRIBED IN AFORESAID FREEMAN DEED AS TRACT TWO; THENCE NORTH 52 DEGREES 04 MINUTES 37 SECONDS WEST, A DISTANCE OF 935.05 FEET ALONG THE COMMON LINE OF SAID TRACTS ONE AND TWO TO A FOUND 1/2-INCH IRON ROD AT THE COMMON WEST CORNER OF SAID TRACTS, SAID IRON ROD BEING ON THE SOUTHEAST LINE OF THAT CERTAIN TRACT OF LAND DESCRIBED IN DEED AS TRACT I TO DAVID HOELSCHER AND WIFE, SUZANNE HOELSCHER, AS RECORDED IN INSTRUMENT NO. 201000321376, AFORESAID DEED RECORDS; THENCE NORTH 45 DEGREES 33 MINUTES 45 SECONDS EAST, A DISTANCE OF 472.27 FEET ALONG THE COMMON LINE OF SAID TRACTS ONE AND 1 TO A POINT FROM WHICH A FOUND 1/2-INCH IRON ROD BEARS NORTH 69 DEGREES 41 MINUTES 21 SECONDS WEST, A DISTANCE OF 0.52 OF ONE FOOT; THENCE SOUTH 89 DEGREES 29 MINUTES

| | |
|---|---|
| 1 | 56 SECONDS EAST, A DISTANCE OF 359.26 FEET ALONG SAID COMMON LINE TO A FOUND 1/2-INCH IRON ROD; THENCE NORTH 00 DEGREES 33 MINUTES 45 SECONDS EAST, A DISTANCE OF 161.09 FEET ALONG SAID COMMON LINE TO A FOUND 1/2-INCH IRON ROD; THENCE NORTH 22 DEGREES 59 MINUTES 58 SECONDS WEST, A DISTANCE OF 379.14 FEET ALONG SAID COMMON LINE TO A FOUND 1/2-INCH IRON ROD; THENCE NORTH 05 DEGREES 16 MINUTES 35 SECONDS EAST, A DISTANCE OF 95.75 FEET ALONG SAID COMMON LINE TO A FOUND 1/2-INCH IRON ROD AT THE COMMON NORTH CORNER OF AFORESAID TRACTS ONE AND 1, SAID IRON ROD BEING ON THE AFORESAID SOUTH LINE OF STONEY CREEK ESTATES; THENCE NORTH 72 DEGREES 24 MINUTES 01 SECONDS EAST, A DISTANCE OF 54.27 FEET ALONG THE COMMON LINE OF SAID TRACT ONE AND SAID STONEY CREEK ESTATES TO THE POINT OF BEGINNING AND CONTAINING 435,593 SQUARE FEET OR 10.00 ACRES OF LAND TOGETHER WITH ANY AND ALL IMPROVEMENTS AND APPURTENANCES THEREON, ASSESSOR'S PARCEL NUMBER 65013606010010400. |

i. REAL PROPERTY LOCATED AT 1204 SOUTH CLARK ROAD, CEDAR HILL, DALLAS COUNTY, TEXAS 75104;

MORE PARTICULARLY DESCRIBED AS ALL THAT REAL PROPERTY SITUATED IN THE COUNTY OF DALLAS, STATE OF TEXAS: BEING A 13.27 ACRE TRACT OF LAND SITUATED IN THE WILLIAM C. BILLINGSLEY 160 ACRE SURVEY, ABSTRACT NO. 136, AND THE WILLIAM MASTERS 160 ACRE SURVEY, ABSTRACT NO. 899, DALLAS COUNTY, TEXAS, BEING ALL THAT CERTAIN TRACT OF LAND DESCRIBED IN DEED AS TRACT TWO TO KELLI FREEMAN, AS RECORDED IN INSTRUMENT NO. 200503550084, DEED RECORDS OF DALLAS COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS: BEGINNING AT A FOUND 1/2-INCH IRON ROD AT THE COMMON EAST CORNER OF SAID TRACT TWO AND THAT CERTAIN TRACT OF LAND DESCRIBED AS TRACT ONE IN SAID FREEMAN DEED, SAID IRON ROD BEING ON THE WEST LINE OF THAT CERTAIN TRACT OF LAND DESCRIBED IN DEED TO DAVID WILLIS AND BARBARA WILLIS, AS RECORDED IN VOLUME 96021, PAGE 2189, SAID DEED RECORDS; THENCE SOUTH 00 DEGREES 33 MINUTES 45 SECONDS WEST, A DISTANCE OF 400.00 FEET ALONG THE COMMON LINE OF SAID TRACT TWO AND SAID WILLIS TRACT TO A FOUND 1/2-INCH IRON ROD; THENCE SOUTH 45 DEGREES 33 MINUTES 45 SECONDS WEST, PASSING A FOUND 1/2-INCH IRON ROD AT A DISTANCE OF 629.94 FEET AND CONTINUING A TOTAL DISTANCE OF 731.92 FEET ALONG SAID COMMON LINE TO THE COMMON SOUTH CORNER OF SAID TRACT TWO AND THAT CERTAIN TRACT OF LAND DESCRIBED IN DEED TO TERRY M. CAMPA, SR., AS RECORDED IN INSTRUMENT NO. 200503584402, AFORESAID DEED RECORDS; THENCE NORTH 67 DEGREES 19 MINUTES 24 SECONDS WEST, A DISTANCE OF 50.48 FEET ALONG THE COMMON LINE OF SAID TRACT TWO AND SAID CAMPA TRACT; THENCE NORTH 41 DEGREES 07 MINUTES 33 SECONDS EAST, A DISTANCE OF 49.34 FEET ALONG SAID COMMON LINE; THENCE NORTH 04 DEGREES 40 MINUTES 26 SECONDS EAST, A DISTANCE OF 77.45 FEET ALONG SAID COMMON LINE; THENCE SOUTH 76 DEGREES 30 MINUTES 09 SECONDS EAST, A DISTANCE OF 96.76

| | FEET ALONG SAID COMMON LINE; THENCE NORTH 25 DEGREES 33 MINUTES 58 SECONDS EAST, A DISTANCE OF 87.97 FEET ALONG SAID COMMON LINE; THENCE NORTH 48 DEGREES 12 MINUTES 32 SECONDS EAST, A DISTANCE OF 217.53 FEET ALONG SAID COMMON LINE; THENCE NORTH 07 DEGREES 31 MINUTES 18 SECONDS EAST, A DISTANCE OF 71.74 FEET ALONG SAID COMMON LINE; THENCE NORTH 45 DEGREES 17 MINUTES 42 SECONDS WEST, A DISTANCE OF 47.91 FEET ALONG SAID COMMON LINE TO A POINT FROM WHICH A FOUND 1/2-INCH IRON ROD BEARS NORTH 58 DEGREES 41 MINUTES 01 SECONDS EAST, A DISTANCE OF 0.54 OF ONE FOOT; THENCE NORTH 33 DEGREES 16 MINUTES 05 SECONDS WEST, A DISTANCE OF 313.56 FEET ALONG SAID COMMON LINE TO A POINT FROM WHICH A FENCE CORNER BEARS SOUTH 28 DEGREES 20 MINUTES EAST - 0.8 OF ONE FOOT; THENCE NORTH 72 DEGREES 09 MINUTES 03 SECONDS WEST, A DISTANCE OF 142.93 FEET ALONG SAID COMMON LINE TO A POINT FROM WHICH A FOUND RAILROAD SPIKE BEARS NORTH 57 DEGREES 04 MINUTES 03 SECONDS EAST, A DISTANCE OF 0.52 OF ONE FOOT; THENCE NORTH 59 DEGREES 08 MINUTES 16 SECONDS WEST, A DISTANCE OF 131.42 FEET ALONG SAID COMMON LINE TO A POINT FROM WHICH A FOUND 1/2-INCH IRON ROD BEARS NORTH 84 DEGREES 58 MINUTES 20 SECONDS EAST, A DISTANCE OF 0.44 OF ONE FOOT; THENCE NORTH 34 DEGREES 44 MINUTES 43 SECONDS WEST, A DISTANCE OF 66.00 FEET ALONG SAID COMMON LINE TO A POINT FROM WHICH A FOUND 1/2-INCH IRON ROD BEARS NORTH 71 DEGREES 10 MINUTES 32 SECONDS EAST, A DISTANCE OF 0.51 OF ONE FOOT, SAID POINT BEING THE COMMON CORNER OF AFORESAID TRACT TWO, AFORESAID CAMPA TRACT, AND THAT CERTAIN TRACT OF LAND DESCRIBED IN DEED TO TERRY M. CAMPA, SR. AND WIFE, LAURA L. CAMPA, AS RECORDED IN INSTRUMENT NO. 200503602018, AFORESAID DEED RECORDS; THENCE NORTH 54 DEGREES 00 MINUTES 46 SECONDS WEST, A DISTANCE OF 458.48 FEET ALONG THE COMMON LINE OF SAID TRACT TWO AND SAID CAMPA TRACT (200503602018) TO A POINT FROM WHICH A FOUND 1/2-INCH IRON ROD BEARS NORTH 52 DEGREES 18 MINUTES 08 SECONDS EAST, A DISTANCE OF 0.31 OF ONE FOOT, SAID POINT BEING THE COMMON CORNER OF SAID TRACT TWO, SAID CAMPA TRACT (200503602018), AND THAT CERTAIN TRACT OF LAND DESCRIBED IN DEED AS TRACT 1 TO DAVID HOELSCHER AND WIFE, SUZANNE HOELSCHER, AS RECORDED IN INSTRUMENT NO. 201000321376, SAID DEED RECORDS; THENCE NORTH 45 DEGREES 33 MINUTES 45 SECONDS EAST, A DISTANCE OF 499.46 FEET ALONG THE COMMON LINE OF SAID TRACT TWO AND SAID TRACT 1 TO A FOUND 1/2-INCH IRON ROD AT THE COMMON WEST CORNER OF SAID TRACT TWO AND AFORESAID TRACT ONE; THENCE SOUTH 52 DEGREES 04 MINUTES 37 SECONDS EAST, A DISTANCE OF 935.05 FEET ALONG THE COMMON LINE OF SAID TRACTS ONE AND TWO TO THE POINT OF BEGINNING AND CONTAINING 578,128 SQUARE FEET OR 13.27 ACRES OF LAND; TOGETHER WITH ANY AND ALL IMPROVEMENTS AND APPURTENANCES THEREON, ASSESSOR'S PARCEL NUMBER 65013606010010000 |

(all of which constitutes property).

/ / /

3. CommerceWest Bank knowingly and voluntarily agrees to abandon or to forfeit the property to the United States.

4. CommerceWest Bank knowingly and voluntarily agrees to relinquish all right, title, and interest in the property.

5. CommerceWest Bank knowingly and voluntarily agrees to waive its right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings (all of which constitutes proceedings) of the property.

6. CommerceWest Bank knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the property.

7. CommerceWest Bank knowingly and voluntarily agrees to waive any further notice to it, its agents, or its attorneys regarding the forfeiture and disposition of the property.

8. CommerceWest Bank knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property.

9. CommerceWest Bank knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents it filed in any proceedings concerning the property.

10. CommerceWest Bank knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, and 32.2, the constitutional requirements, and the constitutional due process requirements of any abandonment proceedings or any forfeiture proceedings concerning the property.

11. CommerceWest Bank knowingly and voluntarily agrees to waive its right to a trial on the forfeiture of the property.

12. CommerceWest Bank knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States

/ / /

Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments in any proceedings concerning the property.

13. CommerceWest Bank knowingly and voluntarily agrees to the entry of an Order of Forfeiture of the property to the United States.

14. CommerceWest Bank understands that the forfeiture of the property shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment or any other penalty that may be imposed in addition to forfeiture.

15. CommerceWest Bank knowingly and voluntarily agrees to the conditions set forth in this Stipulation for Entry of Order of Forfeiture as to CommerceWest Bank and Order (Stipulation).

16. CommerceWest Bank knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Postal Inspection Service, their agencies, their agents, and their employees from any claim made by it or any third party arising from the facts and circumstances of this case.

17. CommerceWest Bank knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Postal Inspection Service, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that CommerceWest Bank now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the abandonment, the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

18. Each party acknowledges and warrants that its execution of the Stipulation is free and is voluntary.

19. The Stipulation contains the entire agreement between the parties.

20. Except as expressly stated in the Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or

entity regarding any fact relied upon in entering into the Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Stipulation.

21. The persons signing the Stipulation warrant and represent that they have full authority to execute the Stipulation and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Stipulation.

22. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law.  The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

23. Each party shall bear their or its own attorneys' fees, expenses, interest, and costs.

24. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: June 6, 2016

DAVIS WRIGHT TREMAINE LLP

_____
JEFFREY B. COOPERSMITH
Counsel for CommerceWest Bank

DATED: _____

DANIEL G. BOGDEN
United States Attorney

_____
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE
Dated: February 10, 2020.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: _____

DAVIS WRIGHT TREMAINE LLP

_____
JEFFREY B. COOPERSMITH
Counsel for CommerceWest Bank

DATED:  February 10, 2020

DANIEL G. BOGDEN
United States Attorney

/s/ Daniel D. Hollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED: _____